IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LARRY J. KENSHALO, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 3:05-cv-69-F |
| | ) |
| HENRY G. STONEBACK, | ) |
| | ) |
|    Defendant. | ) |

**ORDER**

On August 19, 2004, defendant Stoneback filed a bankruptcy petition in this court (Bankruptcy Petition No. 04-81205). The petition is still pending. The present action, a personal injury claim arising from an accident which occurred on January 27, 2003, was commenced on January 26, 2005. By order entered June 2, 2005, the court ordered plaintiff to show cause why this action should not be dismissed without prejudice as filed in violation of the automatic bankruptcy stay provision, 11 U.S.C. § 362(a)(1). In his response to the show cause order, plaintiff argues that the case should not be dismissed because: (1) plaintiff was unaware of the bankruptcy petition when he filed this action; and (2) plaintiff is seeking recovery against defendant only to the extent of his insurance coverage and, thus, this action will not affect his assets or other creditors.

Plaintiff's lack of knowledge of the petition does not overcome the automatic stay imposed by § 362(a)(1). See 11 U.S.C. § 362(b)(listing exceptions to stay). Plaintiff's stipulation that he is seeking recovery only to the extent of defendant's insurance coverage

likewise does not avoid the stay. Id. While plaintiff's stipulation may provide a basis for relief from the stay pursuant to 11 U.S.C. § 362(d), plaintiff must seek such relief from the bankruptcy court.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the Court that:

(1)  This case, brought against Henry G. Stoneback as the sole defendant, is hereby DISMISSED without prejudice. Any party has the right to petition to reinstate this action to pursue any claim embraced herein not adjudicated in or discharged by the ruling of the bankruptcy court;

(2) Such reinstatement, if and when allowed, will cause the filing date of any claim so reinstated to relate back to the original filing date of this action;

(3) Any petition for reinstatement must be filed by plaintiff within 60 days after the bankruptcy court has taken action that entitles plaintiff to seek reinstatement.

It is further ORDERED that the Clerk of the Court is DIRECTED to provide a copy of this order to the bankruptcy court.

DONE this 9th day of June, 2005.

        /s/ Mark E. Fuller
        CHIEF UNITED STATES DISTRICT JUDGE