IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY J. KENSHALO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05-CV-69-WKW |
| | ) | (WO) |
| HENRY G. STONEBACK, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This case is before the court on the defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. # 18), filed on November 23, 2005. The defendant asserts that federal jurisdiction does not exist in this matter because the plaintiff's claims do not meet the minimum amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]

The claims in this case involve injuries sustained in an accident between an automobile operated by the defendant and railroad equipment operated by the plaintiff in Lee County, Alabama. The plaintiff is a resident of Illinois, and the defendant is a resident of Alabama. The plaintiff has stipulated in a filing with this court that he is seeking recovery only to the extent that defendant is covered by liability insurance. See

---

[1] Because the Plaintiff's claims are negligence claims brought under state law, there is no federal jurisdiction under 28 U.S.C. § 1331.

1

Doc. # 14. The defendant indicates that his liability insurance coverage is limited to $25,000, which is insufficient to meet the amount in controversy requirement of $75,000 for federal diversity jurisdiction.

The plaintiff suggests that "bad faith is evident," and "State Farm Insurance Company would be responsible for any verdict that exceeds the policy limits." Plaintiff has not, however, cited any legal authority or evidence to support this contention that he intends to seek more than $25,000 from the defendant, nor has he taken any steps to add State Farm as a defendant. Additionally, under Alabama law, plaintiff would not be permitted to join State Farm at this time; a party may not pursue a judgment against an insurance company until a judgment has been obtained against the policyholder for the underlying cause of action. The Alabama Code states:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Ala. Code § 27-23-2 (1975).

Courts have interpreted this statute to prohibit plaintiffs such as Kenshalo from

seeking recovery from an insurance company until a judgment has been obtained against the insured party. *See State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So.2d 643 (Ala. 2004) (holding that a contemporaneous suit against an insurance company and the insured party would be "speculative at best"). *Id*. at 649. *See also Norton v. Belarus Machinery of USA, Inc.*, 2005 WL 1501452, *6-7 (M.D. Ala. 2005) (finding that "courts in Alabama have mandated strict adherence with the terms of § 27-23-2 to allow an injured party to recover from an insurer" and granting defendant's motion to dismiss).

The plaintiff has not offered evidence to rebut his own stipulation of fact, in which he represented to the court that he sought recovery from the defendant only up to the amount of his liability insurance coverage. Further, the plaintiff has not offered any legal authority to show that he is eligible *in this cause of action* to recover damages from State Farm. According to the plaintiff's own stipulations of fact, the most he seeks to recover from Stoneback is $25,000. The requirement for federal diversity jurisdiction under 28 U.S.C. § 1332 is $75,000, and that requirement is not met in this case.

It is therefore ORDERED that this cause is hereby DISMISSED without prejudice for lack of federal jurisdiction.

DONE this the 1st day of March, 2006.

                                        /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE